**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRNA ELIA CARRILLO DEL REAL, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-77213 <br><br> Agency No. A097-124-026 <br><br> MEMORANDUM [*] |
| MIRNA ELIA CARRILLO DEL REAL, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-71843 <br><br> Agency No. A097-124-026 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted December 9, 2009[]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN,[***] District Judge.

Mirna Ella Carrillo del Real ("Carrillo") petitions for review of the Board of Immigration Appeals' ("BIA") order denying her application for cancellation of removal under the "battered spouse provision" of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1229b(b)(2), INA § 240A(b)(2). She also seeks review of the BIA's denial of her motion to reopen removal proceedings based on her marriage to a United States citizen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny both petitions.[1]

To be eligible for relief under section 240A(b)(2)(A)(i)(II), Carrillo must show that her children were battered or subjected to extreme cruelty by their lawful permanent resident ("LPR") father. 8 U.S.C. § 1229b(b)(2)(A)(i)(II). The BIA's determination that the record evidence failed to establish such battery or extreme cruelty is supported by substantial evidence. *See Hernandez v. Ashcroft*, 345 F.3d

---

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

824, 834 (9th Cir. 2003) (concluding that the "existence or nonexistence" of battery and "extreme cruelty" are factual determinations); *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (noting that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary") (internal quotation marks and citations omitted). Carrillo points to no evidence in the record showing that the LPR father of her children battered them or otherwise subjected them to cruelty. Further, the record does not compel the conclusion that the children's exposure, if any, to violence between their parents constitutes "extreme cruelty" under section 240A(b)(2)(A)(i)(II).[2] *See* 8 C.F.R. § 204.2(c)(1)(vi).

We also conclude that the BIA did not abuse its discretion in denying Carrillo's motion to reopen. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). When Carrillo filed the motion to reopen based on her marriage to a United States citizen, the marriage was only five days old, and the BIA reasonably concluded that the declarations of Carrillo and her spouse failed to establish by

---

[2] Although Carrillo also sought, and was denied, relief under section 240A(b)(1), she does not petition for review of that purely discretionary determination. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (holding that the court lacks jurisdiction to review the BIA's discretionary determination that a petitioenr has not shown "exceptional and extremely unusual hardship" under subsection (b)(1)).

clear and convincing evidence that their recent marriage was bona fide.  *See In re*

*Velarde-Pacheco*, 23 I & N Dec. 253, 256 (BIA 2002).[3]

**PETITIONS DENIED.**

---

[3] Although in *Ahmed v. Mukasey*, 548 F.3d 768, 771-72 (9th Cir. 2008), we concluded that a motion to reopen should not be denied solely under the fifth factor of *Velarde*, that case is inapposite as Carrillo's motion was denied under the fourth *Velarde* factor.